UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

CASE NO.:

RICHARD WRIGHT,

    Plaintiff,

v.

BLUESTEM BRANDS, INC.,
d/b/a Fingerhut,

    Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff, Richard Wright, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.    Venue in this District is proper because Plaintiff resides here and Defendant conducted collection activities and placed telephone calls into this District.

## PARTIES

4.    Plaintiff, Richard Wright (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Alachua County, Florida.

5.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (352) \*\*\*- 3681, and was the "called party" and recipient of Defendant's hereinafter described

1

calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

7. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

8. Defendant, Bluestem Brands, Inc., d/b/a Fingerhut (hereinafter "Defendant"), is a Delaware corporation whose principle place of business is located at 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

9. Defendant's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10. Defendant is a "creditor" and/or "person" as defined by Florida Statute §559.55.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

11. Defendant attempts to collect debts from consumers that have defaulted on Fingerhut accounts. Defendant also uses what it refers to as "third party vendors" to attempt to collect debts from consumers that have defaulted on Fingerhut accounts.

12. Defendant's "third party vendors" are agents of Defendant.

13. Defendant and/ or its agents attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant and/ or its agents attempted to collect an alleged debt from Plaintiff concerning a Fingerhut account that did not belong to him.

14. As described herein, Defendant and/ or its agents intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone several times

per day and on back-to-back days, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

15. At all times relevant to this action, Plaintiff received between two to five calls per day to his cellular telephone from Defendant and/or its agents in an effort to collect the alleged debt at issue.

16. Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

17. Defendant's and/ or its agent's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008);* see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003)*.

18. In or about 2015 and several times thereafter, Plaintiff informed Defendant and/or its agents that they were calling for the wrong person and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

19. During the aforementioned conversations with Defendant, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Each and every call the Defendant made to the Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

3

21. Each and every subsequent call the Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

22. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call his cellular telephone number.

23. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone number.

24. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

25. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's call.

26. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste his time dealing with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

27. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number was an injury in the form of a nuisance and annoyance to the

Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

28. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

29. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

30. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

32. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

33. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

35. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Plaintiff incorporates Paragraphs 1 through 35 herein.

37. At all times relevant to this action, Defendant and its agents are subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

38. Defendant and/ or its agents engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

39. Specifically, Defendant and/ or its agents called Plaintiff several times a day and on back-to-back days in an effort to collect an alleged consumer debt.

40. Defendant and/ or its agents engaged in an act or omission prohibited under §559.72(9), Florida Statutes, by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

41. Specifically, Defendant claimed and attempted to enforce the alleged subject consumer debt when it knew the debt was not owed by Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant for:

    a) Statutory Damages for each violation;

    b) Actual Damages for each violation;

    c) Punitive Damages;

    d) Attorney's fees, litigation expenses and costs of suit; and

    e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff incorporates Paragraphs 1 through 35 herein.

43. Defendant and/ or its agents repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

44. Defendant and/ or its agents willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that the subject debt was not his and that he did not wish to receive any telephone communication from Defendant.

45. Defendant and/ or its agents violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*

8

                    Christopher Legg, Esq.
                    Florida Bar No. 44460

                    BUCHWALD LEGG, PLLC
                    3837 Hollywood Blvd., Ste. B
                    Hollywood, FL 33021
                    Telephone: 954-962-2333
                    Chris@theconsumerlawyers.com

                    *Attorney for Plaintiff*

8